[Civ. No. 52312. Second Dist., Div. Four. Oct. 3, 1978.]

RETAIL CLERKS UNION, LOCAL 324, Plaintiff and Respondent, v. FOOD EMPLOYERS COUNCIL, INC., et al., Defendants and Appellants.

## COUNSEL

McLaughlin & Irvin, Timothy F. Ryan and Steven R. Feldstein for Defendants and Appellants.

Robert W. Gilbert and Ronald J. Cooke for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—An employer appeals from a judgment confirming an award of an arbitrator in a labor dispute case. For the

reason set forth below we modify the judgment and affirm it as so modified.

I

The employer, as a member of appellant Food Employers Council, is a party to a collective bargaining agreement with respondent union. That agreement prohibits an employer from permitting nonemployees (referred to as book or advance salesman) to perform work that would normally be performed by store employees who are members of the union. The award herein involved found numerous violations of that provision and awarded damages to the union for the benefit of its members. The award was confirmed.

On this appeal, the employer does not contest the arbitrator's finding of the violations, but attacks only the award of damages. The agreement contains a long paragraph defining the damages to be awarded for violations. That provision reads as follows:

"When book or advance salesmen have performed bargaining unit work in a store violation of the provisions of this Agreement, the Union shall notify the Employer in writing. If within six (6) months after the receipt of such notification the Employer permits a further violation of the Agreement in this respect in the store, the Employer shall become liable for the payment of damages. Damages for such willful violation shall be computed by ascertaining the time worked in the store in violation of this Agreement by any such advance or book salesmen and, thereafter, calculating the amount of pay that would have been required to be paid in the event such work had been performed by a member of the bargaining unit, adding thereto an amount equal to the hourly fringe benefit cost which would have been incurred. Any fraction of an hour of time worked in violation as aforesaid shall be counted as one hour in this computation. If within six (6) months after the receipt of such notification the Employer permits yet another violation of this Agreement in this respect in the store, *the Employer shall be liable for damages computed by the formula hereinbefore set forth multiplied by two. For any such subsequent violations the multiplier shall be increased by one digit for each violation within the six-month period.* Such damages shall be payable by the Employer to the Retail Clerks Unions and Food Employers Benefit Fund. The written notice furnished the Employer after violation as

described hereinabove shall be effective with respect to the damage provisions set forth for a period of six (6) months from the date of receipt by the Employer. Thereafter, additional six-month periods within which said damage formula provisions shall be operative shall begin with a violation of this Section, followed by a written notice of same from the Union. The ascending damage formula shall begin anew for the six-month period with such violation followed by such notice. The foregoing provisions relating to the Employer's liability for damages shall not be effective until June 21, 1972." (Italics added.)

As we understand its brief, the employer does not question the validity of the provision fixing the amount of damages for the first violation after a warning, but attacks the emphasized portion providing for an increased award for successive violations within a six-month period.

We have examined the award rendered. It shows that the successive violation provision was applied to only one violation, for which the arbitrator gave double damages of twice $6.1325. If the employer is correct in its contention here, the award, as confirmed was excessive by only a fraction over $6. Ordinarily, we would not reverse a judgment for such a nominal error. However, since the agreement involved is one of industry-wide application, involving many food stores and hundreds of employees, we deem it necessary to determine the validity of the employer's attack.

## II

The issue here presented by the employer was urged before the arbitrator. The employer here contends that the arbitrator improperly refused to determine the issue thus presented to him, saying:

"This, however, is a different case. The logic of the doctrines of deferral is founded on the ability of labor arbitrators to wed the common law of the shop and their special knowledge of labor relations practices to the requirements of labor legislation. But labor arbitrators may have no special skill in the construction of such a statute as that which may be pertinent here, regulating liquidated damages clauses in contracts generally, written obviously in large measure for contracts having little or nothing to do with employer-employee relations. There is very little reason to suppose that the courts would defer to an arbitration award in

such a matter. It seems appropriate, therefore, for the labor arbitrator in such a case to stick to his last and construe the collective agreement without reference to legislation not written specially to regulate employer-employee relations, leaving to the courts the task of determining the legality of contract clauses that may arguably be inconsistent with such legislation as that cited here. In fact, since there is no doctrine of deferral in this kind of matter, a ruling on my part might well be a vain act."

■ That contention is not available to the employer here. The contention under section 1283.4 of the Code of Civil Procedure, that an award is not complete must be made by an application to correct or vacate the award. No such application was made by the employer, or on its behalf, within the time periods allowed for such application. It is too late for that issue to be raised in this proceeding.

## III

■ However, the fundamental contention of the employer is properly before us. That contention is that the portion of the agreement that imposes a double award for a second violation within the six-month period is a provision for liquidated damages not within the exception in section 1671 of the Civil Code to the general rule stated section 1670 of that code, as those sections stood at the times herein involved.[1]

Those sections then read as follows:

Section 1670: "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

Section 1671: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

---

[1]Effective July 1, 1978, the sections here involved were repealed and replaced by a new section 1671 which sets forth a different rule as to liquidated damages. We do not, in this case, determine the validity of a similar provision in a contract executed after that date.

Since a violation of those sections involves a matter of broad public policy, the contention was available to the employer in the trial court (which rejected it) and is available to the employer here. (*Black* v. *Cutter Laboratories* (1955) 43 Cal.2d 788 [278 P.2d 905], and cases following that decision.)

We conclude that the employer's contention is valid. The provision is not supported by any evidence that the parties ever discussed the impracticability of measuring damages in cases of successive violations in any amount other than the traditional damage measured by the loss of wages to the employees who were replaced by nonemployees. The arbitrator, himself, we think correctly viewed the provision as a *penalty* to be imposed on an employer for a repeated violation in disregard of a warning. But a *penalty* is not validly imposed under the quoted sections. The employees for whom the union contracted to protect can be made whole by an award of the amount of wages they lost, whether in a first or a second violation; the union has shown no need for any further protection.

Since the agreement validly provides for an award equal to lost wages, the award was illegal only in the single instance in which the double damage provision was applied by the arbitrator. As we have said above, that action resulted only in an award excessive by $6. The employer is amply vindicated by a reduction of the judgment in that amount.

The judgment is modified by substituting the amount of $148.34 for the amount of $154.34 set forth therein; as so modified, the judgment is affirmed.

Jefferson (Bernard), J., and Alarcon, J., concurred.